UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 12-30273-03

v.

WILLIAM JEROME BIBBS,

*Defendant.*
_____/

# DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.    Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX    (1)    The Government moved for detention at Defendant's first appearance pursuant to:

        XX    18 U.S.C. § 3142(f)(1).

        __    18 U.S.C. § 3142(f)(2).

__    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. § 3142(e)(2))**

__    (1)    Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__    (2)    The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

    __ the date of conviction, **or**

    __ Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C. Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

    __ for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

    __ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    __ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    __ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    __ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

    __ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D. Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that Defendant will not appear.

__ (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

XX     by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__     by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

__     both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

The Government timely moves to detain, noting that the crime charged is a crime of violence within the meaning of the Bail Reform Act. I conclude that the Government is correct, and that the Government has complied with the conditions required to bring this motion. None of the presumptions in favor of detention have been cited, and I find that none apply. I will therefore consider Defendant's circumstances under the standards set forth in 18 U.S.C. § 3142(g).

As to subsection (g)(1), as noted, the crime charged is a crime of violence. As to subsection (g)(2), I find from review of the affidavit supporting the criminal complaint that there is a definite weight of evidence as to the a charges made against Defendant. As to subsection (g)(3), I note that Defendant is 32 years of age and is married with children. Defendant has resided at an address on West Genesee Street in Saginaw, Michigan, for approximately the last seven months. Prior to that time, he resided at various addresses in the Saginaw area. The Pretrial Services report states that Defendant has been diagnosed with sarcoidosis, a diagnosis which appears to be borne out by medical records submitted by counsel for Defendant.

Defendant conceded to Pretrial Services that he has used marijuana for over 15 years, describing himself as a daily user. He stated that he last used marijuana prior to an arrest in March 2012.

In 1997, at age 17, Defendant pleaded guilty to felony breaking and entering with intent to steal and was sentenced to probation. Four months later, Defendant pleaded guilty to misdemeanor domestic violence and spent a brief period in jail. He was on probation at the time of this misdemeanor offense. Five months later, at age 18, Defendant pleaded guilty to felony firearms possession and habitual offender second offense. He was sentenced to 64 days in jail and placed on three years' probation. While on this probation, at age 19, Defendant was charged with multiple felony offenses. He pleaded no contest to first-degree felony home invasion and ultimately was sentenced to 5 to 40 years in prison. He also pleaded no contest to felony extortion and no contest to felony firearms discharge in a building, as well as possession of firearms by a convicted felon. He was sentenced to concurrent prison terms of between 5 and as much as 40 years on these charges.

While still on probation from the 1998 offense, in 2001, at age 20, Defendant pleaded guilty to a high court misdemeanor of resisting and obstructing a police officer; he was sentenced to 3 to 15 years' confinement. In 2002, Defendant pleaded guilty to multiple counts of felony false pretenses, and it appears that the sentence in this matter was concurrent with other convictions. In 2009, Defendant pleaded guilty in Detroit to possession of a loaded firearm in a vehicle and was sentenced to a probationary term.

The sworn affidavit supporting the criminal complaint in this case provides additional information relating to the charge against Defendant. I note first that the complaint charges a conspiracy, a charge which under federal law imputes to this Defendant every act taken by other Defendants, specifically, five armed bank robberies. As to this Defendant, the affidavit recites that on March 27, 2012, two individuals robbed

a credit union in Saginaw. They ran out of the credit union and were driven away by a third person. Three days later another robbery took place in Owosso, Michigan. It was witnessed by an off-duty sheriff deputy, who followed the suspect vehicle containing three individuals until a marked police unit could pursue the vehicle. The pursuit resulted in a high-speed chase that the Assistant United States Attorney states involved speeds greater than 100 miles an hour. A uniquely configured 9 mm weapon was, according to the affidavit, thrown from the vehicle during the chase, and later recovered. The suspect vehicle was ultimately stopped in Saginaw County and Defendant was found to be the driver. In addition, the sworn affidavit details text messages said to have taken place between this Defendant and another co-conspirator on January 28, 2012, two days before one of the robberies charged, the substance of which can be considered consistent with planning additional criminal activities.

Citing serious liver abnormalities and severe abdominal pain, Defendant argues that he cannot receive appropriate medical treatment while incarcerated, and therefore contends that bond is both necessary and appropriate. Counsel for Defendant is to be commended for her production to the court of medical records on short notice. These records, while admittedly not complete, shed significant light on Defendant's current medical condition. Although a letter written by a physician on December 16, 2011, recites that Defendant has been diagnosed with sarcoidosis, and states concerns relating to significant elevation in liver function chemistry, a cytopathology report from February 1, 2012, states that the pathology sample submitted was "negative for malignant cells." The results of an MRI scan of Defendant's liver on March 5, 2012, finds no evidence of nodules, although the biliary duct appeared enlarged. On March 23, 2012, Defendant underwent a comprehensive metabolic panel blood screening. Measurements relating to liver function, specifically those called AST and ALT, were found within normal ranges. Although some of the medical records express concern on the part of treating physicians

that Defendant and may be suffering from liver cancer and appear to confirm that Defendant does in fact suffer some level of pain in his abdomen on a daily basis, a pathology report as recently April 9, 2012, continues to find no evidence of malignant cells.

Regardless of the diagnosis, the more salient question regarding Defendant's medical condition is whether the medical evidence Defendant has submitted reveals that he cannot be adequately treated while incarcerated. Defendant's treatment consists of prescription medication, including pain medication. Although Defendant requests narcotic pain medication that is not available while incarcerated, I find no evidence indicating that non-narcotic pain medication would not suffice.

As I weigh all these facts under the standards set forth in the Bail Reform Act in light of Defendant's consistent criminal history, which includes multiple felonies, among them home invasion, discharge of a firearm in or near a building, and possession of loaded firearm in a vehicle, many of which took place while on probation from other convictions, coupled with the conduct recited in a sworn affidavit supporting the criminal complaint, I conclude that there are no conditions nor any combination of conditions that would reasonably assure the safety of the community. I further conclude from review of the medical records produced that Defendant's medical condition is not so serious as to preclude effective treatment while incarcerated. The Government's motion to detain is therefore **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense

counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Dated: May 16, 2012

s/ Charles E Binder
CHARLES E. BINDER
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Libby Dill and Judith Gracey, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: May 16, 2012    By    s/Jean L. Broucek
Case Manager to Magistrate Judge Binder